**UNITED STATES DISTRICT COURT**

**CENTRAL DISTRICT OF CALIFORNIA**

**WESTERN DIVISION**

| | | |
|---|---|---|
| BILLY J. IRVIN, | ) | No. CV 02-7949 (CW) |
| Plaintiff, | ) | DECISION AND ORDER |
| v. | ) | |
| JO ANNE B. BARNHART, Commissioner, Social Security Administration, | ) | |
| Defendant. | ) | |

The parties have consented, under 28 U.S.C. § 636(c), to the jurisdiction of the undersigned magistrate judge.  Plaintiff seeks review of the denial of disability benefits.  The court finds that summary judgment should be granted for defendant, affirming the Commissioner's decision, and dismissing this action with prejudice.

**I.   BACKGROUND AND PROCEEDINGS IN THIS COURT**

Plaintiff Billy J. Irvin was born on February 17, 1953 and was forty-seven-years old at the time of his last administrative hearing. [Administrative Record "AR" at 14.]  Plaintiff has a high school education and past work experience as a journeyman iron worker and

fitter helper. [Id.]  He has claimed disability based on pain in his back and knee, arising from a series of work-related accidents, the latest of which occurred on September 9, 1996. [AR 13.]

Plaintiff's complaint was lodged on October 11, 2002, and filed on October 18, 2002.  On March 26, 2003, defendant filed plaintiff's Administrative Record.  On June 24, 2003, the parties filed their Joint Stipulation ("JS") identifying matters not in dispute, issues in dispute, the positions of the parties, and the relief sought by each party.  This matter has been taken under submission without oral argument.

## II.   **PRIOR ADMINISTRATIVE PROCEEDINGS**

Plaintiff applied for disability insurance benefits ("DIB") on April 28, 1997, alleging disability since September 9, 1996.  [AR 101.]  An administrative hearing was held on July 14, 1998, before Administrative Law Judge ("ALJ") Stephen Chaffin.  [Transcript, AR 53.]  Plaintiff appeared with counsel, and testimony was taken from plaintiff.  [Id.]  ALJ Chaffin denied benefits on July 21, 1998. [Decision, AR 385.] The Appeals Council remanded the case on March 1, 2000, for further proceedings. [AR 400.]  Specifically, the Appeals Council directed the ALJ to give additional consideration to the opinions of plaintiff's treating and examining physicians regarding plaintiff's ability to work. [Id.]  A second administrative hearing was held on November 14, 2000, before ALJ Chaffin [Transcript, AR 72.] Testimony was taken from plaintiff, a medical expert and a vocational expert. [Id.]  On December 18, 2000, ALJ Chaffin again denied benefits.  When the Appeals Council denied review on August 19, 2002, the ALJ's decision became the Commissioner's final decision.  [AR 3.]

### III.   STANDARD OF REVIEW

Under 42 U.S.C. § 405(g), a district court may review the Commissioner's decision to deny benefits. The Commissioner's (or ALJ's) findings and decision should be upheld if they are free of legal error and supported by substantial evidence. However, if the court determines that a finding is based on legal error or is not supported by substantial evidence in the record, the court may reject the finding and set aside the decision to deny benefits. See Aukland v. Massanari, 257 F.3d 1033, 1035 (9th Cir. 2001); Tonapetyan v. Halter, 242 F.3d 1144, 1147 (9th Cir. 2001); Osenbrock v. Apfel, 240 F.3d 1157, 1162 (9th Cir. 2001); Tackett v. Apfel, 180 F.3d 1094, 1097 (9th Cir. 1999); Reddick v. Chater, 157 F.3d 715, 720 (9th Cir. 1998); Smolen v. Chater, 80 F.3d 1273, 1279 (9th Cir. 1996); Moncada v. Chater, 60 F.3d 521, 523 (9th Cir. 1995)(per curiam).

"Substantial evidence is more than a scintilla, but less than a preponderance." Reddick, 157 F.3d at 720. It is "relevant evidence which a reasonable person might accept as adequate to support a conclusion." Id. To determine whether substantial evidence supports a finding, a court must review the administrative record as a whole, "weighing both the evidence that supports and the evidence that detracts from the Commissioner's conclusion." Id. "If the evidence can reasonably support either affirming or reversing," the reviewing court "may not substitute its judgment" for that of the Commissioner. Reddick, 157 F.3d at 720-721; see also Osenbrock, 240 F.3d at 1162.

### IV.   DISCUSSION

To be eligible for disability benefits a claimant must demonstrate a medically determinable impairment which prevents the claimant from engaging in substantial gainful activity and which is

expected to result in death or to last for a continuous period of at least twelve months.  <u>Tackett</u>, 180 F.3d at 1098; <u>Reddick</u>, 157 F.3d at 721; 42 U.S.C. § 423(d)(1)(A).

**A.   THE FIVE-STEP EVALUATION**

Disability claims are evaluated using a five-step test:

> Step one: Is the claimant engaging in substantial gainful activity?  If so, the claimant is found not disabled.  If not, proceed to step two.
> Step two: Does the claimant have a "severe" impairment?  If so, proceed to step three.  If not, then a finding of not disabled is appropriate.
> Step three: Does the claimant's impairment or combination of impairments meet or equal an impairment listed in 20 C.F.R., Part 404, Subpart P, Appendix 1?  If so, the claimant is automatically determined disabled.  If not, proceed to step four.
> Step four: Is the claimant capable of performing his past work?  If so, the claimant is not disabled.  If not, proceed to step five.
> Step five: Does the claimant have the residual functional capacity to perform any other work?  If so, the claimant is not disabled.  If not, the claimant is disabled.

<u>Lester v. Chater</u>, 81 F.3d 821, 828 n.5 (9th Cir. 1995, <u>as amended</u> April 9, 1996); <u>see also</u> <u>Bowen v. Yuckert</u>, 482 U.S. 137, 140-142, 107 S. Ct. 2287, 96 L. Ed. 2d 119 (1987); <u>Tackett</u>, 180 F.3d at 1098-99; 20 C.F.R. § 404.1520, § 416.920.  If a claimant is found "disabled" or "not disabled" at any step, there is no need to complete further steps.  <u>Tackett</u>, 180 F.3d 1098; 20 C.F.R. § 404.1520.

"Severe" (at step two) means an impairment or combination of impairments that significantly limits physical or mental ability to perform basic work activities.  Step two is a <u>de minimis</u> inquiry to weed out nonmeritorious claims early on.  <u>See</u> <u>Bowen v. Yuckert</u>, 482 U.S. at 148, 153-154; 20 C.F.R. §§ 404.1520(c), 416.920(c).  "Only those claimants with slight abnormalities that do not significantly limit any basic work activity can be denied benefits" at step two. <u>Bowen v. Yuckert</u>, 482 U.S. at 158; <u>see also</u> <u>Smolen</u>, 80 F.3d at 1290.

To "meet" a listing (at step three), a claimant must meet each characteristic of a listed impairment; to "equal" a listing a claimant must show symptoms, signs, and laboratory findings at least equal in severity and duration to characteristics of a relevant listing, i.e., of the listed impairment "most like" the claimant's impairment. Tackett, 180 F.3d at 1099; 20 C.F.R. § 404.1526. If a claimant has multiple impairments, no one of which meets or equals a listing, the collective symptoms, signs, and laboratory findings of all impairments should be evaluated to determine whether, collectively, they meet or equal any listing. Tackett, 180 F.3d at 1099; 20 C.F.R. § 404.1526.

Steps four and five involve assessing residual functional capacity ("RFC"), i.e., what a claimant can still do despite existing "exertional" (strength-related) and "nonexertional" limitations. Cooper v. Sullivan, 880 F.2d 1152, 1155 n.s. 5-6 (9th Cir. 1989). Nonexertional limitations limit ability to work without directly limiting strength, and include mental, sensory, postural, manipulative, and environmental limitations. Penny v. Sullivan, 2 F.3d 953, 958 (9th Cir. 1993); Cooper, 800 F.2d at 1155 n.7; 20 C.F.R. § 404.1569a(c). Pain may be either an exertional or a nonexertional limitation. Penny, 2 F.3d at 959; Perminter v. Heckler, 765 F.2d 870, 872 (9th Cir. 1985); 20 C.F.R. § 404.1569a(c).

Claimants have the burden of proof at steps one through four, subject to the presumption that Social Security hearings are non-adversarial, and to the Commissioner's affirmative duty to assist claimants in fully developing the record even if they are represented by counsel. Tackett, 180 F.3d at 1098 and n.3; Smolen, 80 F.3d at 1288. If a claimant's burden is met, a prima facie case of disability is made, and the burden shifts to the Commissioner (at step five) to

prove that, considering RFC, age, education, and work experience, a claimant can perform other work which is available in significant numbers. Tackett, 180 F.3d at 1098, 1100; Reddick, 157 F.3d at 721; 20 C.F.R. § 404.1520, § 416.920.

To meet the Commissioner's burden at step five, an ALJ may use the "Grids," i.e., the Medical-Vocational Guidelines at 20 C.F.R., Part 404, Subpart P, Appendix 2. Osenbrock, 240 F.3d at 1162; Tackett, 180 F.3d at 1100-1101. An ALJ may rely on the Grids to find a claimant "disabled" based on strength limitations and vocational factors alone, even if the claimant has both exertional and nonexertional limitations. Cooper, 880 F.2d at 1155-1156; 20 C.F.R. §§ 404.1569a(d) and 416.969a(d); "Grids" § 200.00(e)(2). On the other hand, an ALJ may rely on the Grids alone to find a claimant "not disabled" only if the Grids completely and accurately represent the claimant's limitations, and the claimant can perform the full range of jobs in a given category (e.g., sedentary, light, or medium work). Aukland, 257 F.3d at 1035; Tackett, 180 F.3d at 1101. Because the Grids address only exertional limitations, significant nonexertional limitations may preclude relying on the Grids alone to deny benefits at step five. Holohan v. Massanari, 246 F.3d 1195, 1208 (9th Cir. 2001); Tackett, 180 F.3d at 1103, Reddick, 157 F.3d at 729.

When the Grids alone do not suffice for reaching a step five decision, an ALJ may use the Grids as a "framework," but may also be required to consider evidence from a vocational expert ("VE"). Thomas v. Barnhart, 278 F.3d 947, 960 (9th Cir. 2002); Moore v. Apfel, 216 F.3d 846, 870 (9th Cir. 2000); see also 20 C.F.R. §§ 404.1569 and 416.969. If an ALJ relies on VE testimony to deny benefits, "the VE must identify a specific job or jobs in the national economy having

1 requirements that the claimant's physical and mental abilities and
2 vocational qualifications would satisfy." Osenbrock, 240 F.3d at
3 1162-1163.

### B. THE ALJ'S EVALUATION IN PLAINTIFF'S CASE

In plaintiff's case, the ALJ found that plaintiff had not engaged in substantial gainful activity since September 9, 1996 (step one), that plaintiff had "severe" impairments, namely musculoskeletal disorders of the back and knee (step two), and that plaintiff did not have an impairment or combination of impairments that met or equaled a "listing" (step three). [AR 20.] The ALJ further determined that plaintiff did not have the RFC to perform his past work as a journeyman iron worker and fitter helper (step four). [AR 21.] However, the ALJ relied upon the testimony of a VE to determine that plaintiff did have the RFC to perform a significant range of light work (step five). [Id.] Accordingly, the ALJ determined that plaintiff was not "disabled" as defined by the Social Security Act. [Id.]

### C. PLAINTIFF'S PRESENT CLAIMS

Plaintiff makes four contentions challenging the ALJ's decision. First, plaintiff contends that the ALJ failed to give proper weight to the opinion of the treating physician. [JS 3.] Second, plaintiff contends that the ALJ improperly found that plaintiff's subjective complaints of pain were not credible. [JS 10.] Third, plaintiff contends that the ALJ erred in not fully developing the record. [JS 14.] Fourth, plaintiff contends that the ALJ failed to give a complete hypothetical to the VE in the inquiry about the types of work that plaintiff can do. [JS 16.] Each of these contentions lacks merit.

**D.   THE ALJ'S REJECTION OF TREATING PHYSICIANS' OPINIONS**

It is well established in this Circuit that a treating physician's opinions are entitled to special weight, because a treating physician is employed to cure and has a greater opportunity to know and observe the patient as an individual. McAllister v. Sullivan, 888 F.2d 599, 602 (9th Cir. 1989). "The treating physician's opinion is not, however, necessarily conclusive as to either a physical condition or the ultimate issue of disability." Magellanes v. Bowen, 881 F.2d 747, 751 (9th Cir. 1989). The weight given a treating physician's opinion depends on whether it is supported by sufficient medical data and is consistent with other evidence in the record. 20 C.F.R. § 404.1527. If the treating physician's opinion is uncontroverted by another doctor, it may be rejected only for "clear and convincing" reasons. Lester v. Chater, 81 F.3d 821, 830 (9th Cir. 1996); Baxter v. Sullivan, 923 F.3d 1391, 1396 (9th Cir. 1991). Where, as here, the treating physician's opinion is controverted, it may be rejected only if the ALJ makes findings setting forth specific and legitimate reasons that are based on the substantial evidence of record. Magallanes, 881 F.2d at 751; Winans v. Bowen, 853 F.2d 643, 647 (9th Cir. 1987).

Here, the ALJ de-emphasized or rejected opinions regarding medical limitations on plaintiff's functional capacity offered by two of plaintiff's treating physicians: Dr. Daniel A. Capen and Dr. David S. Kim.

The ALJ determined that Dr. Capen's opinion was not entitled to controlling weight because it was contradicted by other substantial medical opinion in the case record. [AR 18.] Specifically, two examining physicians, Dr. Joseph P. Conaty and Dr. Stephen A.

Wertheimer, opined that Plaintiff's ability to lift, stand, walk and sit (and thus, perform a significant range of light work) was greater than that diagnosed by Dr. Capen. [AR 15.]  Additionally, a medical expert, Dr. Raymond K. Zerins, reviewed all of plaintiff's available medical records and testified that he agreed with the examining physicians that plaintiff's work restrictions were not significant enough to preclude him from working. [AR 74.] Finally, the ALJ noted that Dr. Capen's own clinical records did not support a significant reduction in functioning. [AR 18.]

These findings comprised specific and legitimate reasons supported by substantial evidence in the record to decline to give Dr. Capen's opinion controlling weight. The ALJ summarized the facts and conflicting medical evidence in a detailed and thorough fashion by stating his interpretation and making findings.  Under Ninth Circuit precedent, this is sufficient to rebut the opinion of plaintiff's treating physician.  Magallanes 881 F.2d at 751.

The ALJ rejected Dr. Kim's opinion that plaintiff was temporarily totally disabled as "brief, conclusory, and as stating a finding which is reserved exclusively for the Commissioner in this matter."[1] [AR 17.]  The ALJ is not required to accept the opinion of any physician, including a treating physician, if that opinion is brief, conclusory,

---

[1] With respect to opinions on the ultimate issue of disability, federal regulations provide that a treating source opinion is not entitled to special significance. 20 C.F.R. §404.1527(e).  On the other hand, the Ninth Circuit rule is that controverted treating physician opinions as to disability, like treating source medical opinions, can be rejected only for articulated specific and legitimate reasons.  See Reddick v. Chater, 157 F.3d 715, 725 (9th Cir. 1998).  It is not necessary in this case to consider how or whether the regulations might be reconciled with the Ninth Circuit authority. Insofar as Dr. Kim's opinion on the ultimate issue of disability is concerned, the ALJ's assessment of the opinion as "conclusory" was a specific and legitimate reason for rejecting it.

and inadequately supported by clinical findings." Thomas v. Barnhart, 278 F.3d 947, 957 (9th Cir. 2002). Dr. Kim's medical report did include clinical findings, which led to his diagnosis that plaintiff suffered from degenerative thoracic disc disease and other conditions. [AR 203.] However, there were insufficient findings to support Dr. Kim's ultimate determination that plaintiff was "temporarily totally disabled."[2] Accordingly, the ALJ acted within his authority in rejecting Dr. Kim's opinion as "conclusory."[3]

### E. THE ALJ'S REJECTION OF PLAINTIFF'S CREDIBILITY

Although an ALJ is responsible for determining a claimant's credibility, an ALJ may not reject a claimant's testimony without providing "clear and convincing reasons." Holohan v. Massanari, 246 F.3d 1195, 1208 (9th Cir. 2001). An ALJ must "specifically identify" the testimony found not credible and "explain what evidence undermines the testimony," and the evidence on which the ALJ relies must be "substantial." Holohan, 246 F.3d at 1208; see also Tonapetyan, 242 F.3d at 1148 ("The ALJ must give specific, convincing reasons for rejecting the claimant's subjective statements."); Light v. Social Security Admin., 119 F.3d 789, 792 (9th Cir. 1997). The ALJ's credibility findings "must be sufficiently specific to allow a reviewing court to conclude the ALJ rejected the claimant's testimony on permissible grounds and did not arbitrarily discredit the

---

[2] Dr. Kim's finding that plaintiff was "temporarily totally disabled" appears to have been made to allow plaintiff to take three weeks off from work to undergo physical therapy. [AR 204.]

[3] Even if the ALJ did credit Dr. Kim's opinion, it would be of limited value because it concerns treatment that plaintiff received during a six-week period immediately following his injury. Such a limited assessment would not have affected the validity of the ALJ's ultimate finding on the issue of disability.

10

claimant's testimony." Moisa v. Barnhart, 367 F.3d 882, 885 (9th Cir. 2004) (quoting Rollins v. Massanari, 261 F.3d 853, 856-857 (9th Cir. 2001)).

If a claimant produces "medical evidence of an underlying impairment, the Commissioner may not discredit the claimant's testimony as to subjective symptoms merely because they are unsupported by objective evidence." Lester, 81 F.3d at 834; Bunnell v. Sullivan, 947 F.2d 341, 345 (9th Cir. 1991)(en banc)(adopting the rule of Cotton v. Bowen, 799 F.2d 1403, 1407 (9th Cir. 1986), under which claimants are not required to produce objective medical evidence for severity of pain). Additionally, the ALJ may consider the following factors when determining the claimant's credibility: "claimant's reputation for truthfulness, inconsistencies either in claimant's testimony, or between her testimony and her conduct, claimant's daily activities, her work record, and testimony from physicians and third parties concerning the nature, severity, and effect of the symptoms of which claimant complains." Thomas v. Barnhart, 278 F.3d 947, 958-959 (9th Cir. 2002) (quoting Light, 119 F.3d at 792).

Here, Plaintiff testified during the first administrative hearing that he was unable to work because "all my strength in the body is gone." [AR 57.] He also testified that he has pain "all the time." [AR 62.] However, the ALJ determined that plaintiff's complaints were not entirely credible because of a general lack of objective manifestations of pain and symptomatology to the degree alleged. [AR 16.] Although a lack of medical evidence cannot be the sole basis for discounting pain testimony, an ALJ can consider it as a factor in his credibility analysis. Burch v. Barnhart, 400 F.3d 676, 681.

An additional factor cited by the ALJ for discounting plaintiff's credibility was the fact that plaintiff did not take pain medications nor experience muscle atrophy or weight loss. [AR 16.]  The Ninth Circuit has held that an ALJ may properly consider factors such as lack of muscle atrophy and weight loss or failure to take analgesics that are commonly prescribed for severe and unremitting pain to reject a claimant's testimony regarding his symptoms. Osenbrock v. Apfel, 240 F.3d 1157, 1166 (9th Cir. 2001)

Another factor cited by the ALJ to discount plaintiff's credibility was the opinion of an examining physician that plaintiff was engaging in symptom magnification. [AR 17.]  A finding by a physician of symptom exaggeration can be one of multiple factors in discounting a claimant's credibility. See, e.g., Orteza v. Shalala, 50 F.3d 748, 750 (9th Cir. 1994). See also Taylor v. Apfel, 2000 U.S. Dist. LEXIS 4618; 67 Soc. Sec. Rep. Service 445 (N.D.Cal. March 31, 2000)(An ALJ is entitled to factor into his credibility analysis a physician's suggestion that plaintiff may have been exaggerating his subjective complaints.)

Collectively, the factors identified by the ALJ constituted clear and convincing reasons for rejecting plaintiff's testimony.

**F.   THE ALJ'S DEVELOPMENT OF THE RECORD**

An ALJ has an affirmative duty to develop the record, even if the claimant is represented by counsel. See Armstrong v. Commissioner of Social Security Administration, 160 F.3d 587, 589 (9th Cir. 1998); Brown v. Heckler, 713 F.2d 441, 443 (9th Cir. 1993).  This includes, inter alia, the duty to compile all of the relevant facts upon which an ultimate adjudication of disability ultimately rests. See Miles v. Chater, 84 F.3d 1397, 1401 (2d Cir. 1996)(The ALJ is required to

12

develop a full and fair record, giving individualized consideration to each claim).

After ALJ Chaffin issued his first decision, the Appeals Council remanded the case for further consideration of the opinions of plaintiff's treating and examining physicians. [AR 400.] Thereafter, in addition to obtaining a further consultative examination and utilizing the services of a medical expert, during the subsequent administrative hearing, the ALJ asked plaintiff's attorney whether there was any other medical evidence to add to the record. [AR 81.] Plaintiff's attorney stated that he did send a record prior to the hearing but "[t]hat is the only other thing I have." [Id.]  The ALJ then closed the record. [Id.] This satisfied the ALJ's duty to conduct an appropriate inquiry to develop the record. Smolen v. Chater, 80 F. 3d 1273, 1287 (9th Cir. 1996).

Under the federal regulations, the plaintiff has the responsibility for coming forward with or cooperating in the procurement of all material evidence prior to, or at, the hearing. See 20 C.F.R. §§ 404.935, 404.1512(a)&(c), 404.1516.  Here, plaintiff did not submit or refer to any missing treatment records or other medical evidence.  Nothing in the administrative record suggests that plaintiff actually received additional medical treatment following the first administrative hearing.  Thus, the ALJ could properly infer that there were no missing treatment records.

**G.   THE ALJ'S HYPOTHETICAL TO THE VE**

Once a claimant is deemed unable to perform his past relevant work (Step four), the burden shifts to the Commissioner to show that the claimant can engage in other substantial gainful activity (Step five).  The Secretary can meet this burden by propounding to a

13

vocational expert ("VE") a hypothetical that reflects all the claimant's limitations. <u>Roberts v. Shalala</u>, 66 F.3d 179,184 (9th Cir. 1995).

During the second administrative hearing, the ALJ asked VE Alan Veraskin whether there were jobs that a hypothetical individual could perform with the RFC assessments of examining physician Dr. Conaty and medical expert Dr. Zarins. [AR 80.] The ALJ did not include the RFC assessment of Dr. Capen, plaintiff's treating physician, in the hypothetical posed to the VE.  The VE responded that a person with Dr. Conaty's RFC assessment could perform eighty percent of the full range of light work. [<u>Id.</u>]  The VE further provided the examples of assembler and cashier II. [AR 79-80.]

The ALJ did not err in omitting the limitations diagnosed by Dr. Capen because, as discussed above, he had specific and legitimate reasons to decline to give Dr. Capen's opinion controlling weight. Accordingly, the hypothetical posed to the VE reflected all of the limitations that the ALJ found to exist.

## V.  ORDERS

Accordingly, **IT IS ORDERED** that:

1. The decision of the Commissioner is **AFFIRMED.**
2. The Clerk of the Court shall serve this Decision and Order and the Judgment herein on all parties or counsel.

DATED: October 13, 2005

/s/ Carla M. Woehrle<br>
CARLA M. WOEHRLE<br>
United States Magistrate Judge

14